UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITY FINANCIAL FUND, LLC, an Idaho Limited Liability Company,<br><br>                    Plaintiff,<br><br>     v.<br><br>J. CRAIG BARRILE, PS, WESLEY NAKAMOTO an unmarried man, and JOHN DOES 1 through 10,<br><br>                    Defendants. | NO: 11-CV-0293-TOR<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant J. Craig Barrile, PS's Motion for Summary Judgment. ECF No. 13. This matter was heard with oral argument on June 28, 2012. Erin M. Stines appeared on behalf of the Plaintiff. William L. Cameron appeared on behalf of Defendant. The Court has reviewed the motion, the response, the reply and is fully informed.

//

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

Plaintiff Security Financial Fund, LLC ("SFF") claims Defendant J. Craig Barrile, PS ("Barrile") breached his duties under RCW 61.24 *et seq* while acting as a successor trustee in a foreclosure sale to which SFF was an interested party, and is therefore liable for money damages in excess of $1,100,000.[1]  Barrile moves for summary judgment.  He argues SFF is not a party in interest because it assigned beneficial interest in all the properties to Zions First National Bank ("Zions") and Zions was properly served.  Also, Barrile argues that he satisfied the requirements of RCW 61.24.040 by mailing the notice of the trustee's sale to SFF's address listed on the recorded deed of trust, and that the statute imposes no duty of due diligence on Barrile to conduct a further inquiry as to the correct address of SFF after the notice of foreclosure was returned "vacant, unable to forward."

---

[1] Barrile's memorandum in support of motion for summary judgment offers compelling authority as to the proper remedy if the Court were, in fact, to find that Barrile did not properly follow the requirements of a trustee to provide notice under RCW 61.24.  The appropriate remedy under the statute for an improperly conducted foreclosure is to request that the sale be set aside.  *See e.g., Cox v. Helenius*, 103 Wash. 2d 383, 387, 693 P.2d 683, 686 (1985).  The Court does not need to address SFF's misstatement of the law on this issue because the grant of summary judgment to Barrile renders it moot.

SFF contends that it is a real party in interest despite having assigned its beneficial interest in the properties to Zions. Further, it argues Barrile breached his statutory duty as a successor trustee under RCW 61.24.040 when he failed to perform an additional search for SFF's correct address after the notice of foreclosure sent by Barrile to SFF was returned as "vacant, unable to forward."

**FACTS**

On August 15, 2007, SFF loaned Comstock $1,100,000 for the development of property located in Stevens County, Washington, and secured repayment of that loan by obtaining individual deeds of trust against tracts of land in said property.[2] ECF No. 1 at 3. On the same day, Defendant Nakamoto also made a loan to Comstock in the amount of $580,500, securing repayment of the loan with a deed of trust against the same property. *Id*. SFF's loan was recorded in Stevens County just before Nakamoto's on August 15, 2007. *Id*.

---

[2] SFF's complaint and their response to the motion for summary judgment appear to misstate the date that Nakamoto loaned money to Comstock. They repeatedly state that Mr. Nakamoto made his loan "on the same day Comstock <u>refinanced</u> the SFF Loan" (emphasis added). ECF 1 at 3. However, the loan was refinanced on October 12, 2007, while Nakamoto's loan was recorded on August 15, 2007. ECF 1 at 2. The date of Nakamoto's loan is actually the same day as the Plaintiff's first loan to Comstock for $1,100,000 on August 15, 2007.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 3

Approximately 2 months later, around October 12, 2007, SFF loaned Comstock $1,608,000 to refinance and pay off their earlier loan to Comstock for $1,100,000, and loan them an additional $500,000. ECF No. 1 at 2-3. Again, SFF secured repayment of the loan with individual deeds of trust on the property. *Id.* The deeds of trust were recorded on October 15, 2007. *Id.* On November 8, 2007 SFF assigned beneficial interest in its loan to Zions. ECF No. 33-5. Zions recorded the assignment on April 3, 2009. ECF No. 33-5. On May 5, 2009, Defendant Barrile, the successor trustee, issued Notice of Trustee's Sale ("Notice") to Comstock, Zions, SFF, and others. ECF No. 14 at 2. Barrile mailed the Notice to SFF at an address listed on SFF's recorded deed of trust that showed up on his title report. ECF No. 33-1, 33-4. SFF's copy of the Notice was returned to Barrile marked "vacant, unable to forward." ECF No. 33-11. On August 7, 2009, Barrile foreclosed Nakamoto's deed of trust, and sold the property to Nakamoto for $586,604. ECF No. 14 at 3.

## SUMMARY JUDGMENT STANDARD

The court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 327, 378 (2007).

## DISCUSSION

The Washington Deed of Trust Act governs the non-judicial foreclosure of deeds of trust. Wash. Rev. Code 61.24 *et seq*. Under RCW 61.24.040(1)(b), a trustee conducting a foreclosure sale is required to take appropriate steps to notify parties with an interest in the deed of trust as follows:

(a) Record a notice in the form described in (f) of this subsection in the office of the auditor in each county in which the deed of trust is recorded;

(b) To the extent the trustee elects to foreclose its lien or interest, or the beneficiary elects to preserve its right to seek a deficiency judgment against a borrower or grantor under RCW 61.24.100(3)(a), *and if their addresses are stated in a recorded instrument evidencing their interest, lien, or claim of lien, or an amendment thereto, or are otherwise known to the trustee*, cause a copy of the notice of sale described in (f) of this subsection to be transmitted by both first-class and either certified or registered mail, return receipt requested, to the following persons or their legal representatives, if any, at such address:

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 5

      (i) The borrower and the grantor;

      (ii) The *beneficiary of any deed of trust or mortgagee of any mortgage*, or any person who has a lien or claim of lien against the property, that was recorded subsequent to the recordation of the deed of trust being foreclosed and before the recordation of the notice of sale.

Wash. Rev. Code 61.24.040 (emphasis added).

### A. Does SFF hold a beneficial interest in the deed of trust?

Barrile argues that SFF is not a party in interest because it assigned "all of [its] right, title, and interest as beneficiary, in, to and under that certain Deed of Trust executed by Comstock Natural Resources, LLC and Darold J. Sauer" to Zions on November 8, 2007. ECF No. 33-5. SFF responds that this assignment of beneficial interest was "recorded to secure an otherwise unrelated line of credit SFF had with Zions." ECF No. 32 at 8. SFF also notes that Zions reassigned beneficial interest in the deed of trust back to SFF on April 10, 2010, who subsequently recorded the reassignment on June 1, 2012. *Id.*

The statute specifically identifies "the beneficiary of any deed of trust" as a party entitled to receive notice of a foreclosure sale. Wash. Rev. Code 61.24.040(1)(b)(ii). SFF assigned the entirety of its beneficial interest in the deed of trust to Zions on November 8, 2007, and Zions recorded this assignment of interest on April 3, 2009. ECF No. 33-5. According to the exact terms of the

recorded assignment of beneficial interest by SFF to Zions, SFF was no longer the "beneficiary of the deed of trust", and therefore Barrile was under no obligation to notify SFF of the trustee sale under the dictates of RCW 61.24.040.

SFF argues that it somehow maintained its status as a party in interest because the assignment of beneficial interest in the deed of trust was merely to secure a line of credit with Zions.  This argument is unpersuasive.  Whether or not Zions and SFF had a private agreement as to the purpose of the assignment of beneficial interest does not change the legal analysis of this issue.  Moreover, the fact that Zions reassigned the beneficial interest in the deed of trust back to SFF is irrelevant because it happened more than a year after the foreclosure sale at issue. At the time of the trustee's sale, SFF had no beneficial recorded interest in the deed of trust, and therefore Barrile was under no statutory obligation to send the Notice to SFF.

**B. Did Barrile fulfill his duties as trustee and send proper notice?**

Despite the fact that SFF no longer held a beneficial interest in the deed of trust, based on the title report, Barrile sent a Notice to the address listed on SFF's deeds of trust.  ECF No. 32 at 4-5.  SFF maintains that when the Notice was sent back to Barrile as "vacant, unable to forward," Barrile had a statutory duty as trustee to search for SFF's correct mailing address. Essentially, SFF is arguing that Barrile must provide actual notice of the foreclosure sale to SFF in order to satisfy

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 7

the notice requirements, and that he neglected to do so in this case. The Court finds that the plain language of RCW 61.24.040, as well as Washington case law, imposes no such duty on a successor trustee.

When interpreting a statute, the court's objective is to ascertain and give effect to the intent of the legislature by looking at the plain meaning of the words used in the statute. *Amresco Independence Funding, Inc. v. SPS Properties, LLC*, 129 Wash. App. 532, 536, 119 P.3d 884, 886 (2005). When the words are plain and unambiguous, the statute is applied as written. *Id.* In the instant case, RCW 61.24.040 instructs a successor trustee to send a copy of the notice of foreclosure to an address "stated in a recorded instrument evidencing their interest" or "are otherwise known to the trustee." Wash. Rev. Code 61.24.040(1)(b). On its face, the statute imposes no further obligation to perform due diligence in locating a party with an interest in a notice of foreclosure.

The Deed of Trust Act was enacted by the legislature to further three objectives. "First, the nonjudicial foreclosure process should remain efficient and inexpensive. Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the stability of land titles." *Cox v. Helenius*, 103 Wash. 2d 383, 387, 693 P.2d 683, 685-86 (1985). However, because the statute allows a trustee to foreclose on a deed of trust without judicial process, courts must strictly construe

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 8

The Deed of Trust Act. *Id.* at 388-89, 686 (fiduciary duty of trustee is "exceedingly high"); *see also Albice v. Premier Mortgage Services of Washington, Inc.*, 276 P.3d 1277, 1281 (2012) (holding trustee lacked statutory authority to hold a non-judicial foreclosure more than 161 days after the date in the notice of trustee's sale, and invalidating the sale). SFF argues that Barrile failed to meet the legislative goals of the Deed of Trust Act when he failed to further inquire into SFF's correct mailing address, because SFF did not have adequate opportunity to prevent wrongful foreclosure. However, SFF offers no case law in support of this argument.

In fact, Washington case law consistently interprets RCW 61.24.040 to impose no duty on a trustee to provide actual notice of a foreclosure to an interested party. *See Amresco*, 129 Wash. App. at 540, 119 P.3d at 888 (holding trustee fully complied with statute by sending notice only to interest holder's legal representative); *see also In re Arrington*, 2012 WL 1038742 *4 (Wash. App. Div. 1 2012) (finding trustee was not required to provide actual notice of a foreclosure sale under 61.24.040, but only to comply with the requirements of the statute).

In *Morrell v. Arctic Trading Co., Inc.*, the court found no "due diligence" was imposed by RCW 61.24.040, "which instead specifies the steps that must be taken in attempting to notify interested parties." *Morrell v. Artic Trading Co., Inc.*, 21 Wash. App. 302, 304, 584 P.2d 983, 985 (1978). The court held that when

1  attempting to notify an interested party of an impending foreclosure sale, a trustee
2  was not obligated to search for an address when no address was found in deed of
3  trust documents. *Id.* SFF attempts to distinguish the facts of *Morrell* from the
4  instant case because Barrile had a prior relationship with the owner of the real
5  property and therefore could have contacted said owner to obtain SFF's current
6  address. ECF No. 32 at 9-10. However, it offers no legal authority to support the
7  proposition that a previous relationship between the successor trustee and the
8  property owner imposes a duty on the trustee to conduct further inquiry into the
9  correct mailing address.
10     Washington case law only requires the successor trustee to follow the
11 requirements outlined in the statute and notify interested parties at an address
12 provided in a recorded instrument evidencing their interest. It is undisputed that
13 Barrile sent a copy of the Notice to the address listed on SFF's recorded deed of
14 trust. Thus, despite the return of the Notice as "vacant, unable to forward", Barrile
15 fulfilled the requirements of the statute, and he had no further duty to perform an
16 additional search for SFF's updated address.
17     Even in the light most favorable to SFF, the Court finds no genuine issues of
18 material fact which would preclude an award of summary judgment in Barrile's
19 favor. Under RCW 61.24.040, Barrile was not obligated to notify SFF of the
20 foreclosure sale because SFF no longer held a beneficial interest in the deed of

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 10

1 trust.  Further, SFF offers no specific facts showing that Barrile did not fully
2 comply with the statute by sending a copy of the Notice via first class and certified
3 mail to SFF at the address listed in the recorded deed of trust.  Accordingly,
4 Defendant Barrile is entitled to summary judgment and the Court dismisses
5 Defendant Barrile from this action.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

2. All claims against Defendant J. Craig Barrile, PS are **DISMISSED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 3rd day of July, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge